UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY RENEE SIMPSON,<br><br>        Plaintiff(s),<br><br>   v.<br><br>I. MARTINEZ, correctional officer;<br>et al.,<br><br>        Defendant(s).<br>_____/ | No. C-11-2642 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.  INTRODUCTION

Chauncey Renee Simpson, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.  BACKGROUND

A large portion of title 15 of the California Code of Regulations concerns the operation of California's prisons. One regulation prohibits inmates from possessing or controlling contraband. Cal. Code Regs. tit. 15, § 3006. The regulation has a lengthy list of items considered contraband, including "[o]bscene material" as defined in the regulation, and "[s]exually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format." *Id.* at § 3006(c)(15), (17). Another regulation concerns the disposition of disallowed personal property, and states that the inmate is to be allowed to select one of five methods of disposing of disallowed property: mail it to an individual outside prison, return the item to the sender, donate the item to a charitable organization, donate the item to the facility, or render the item

useless and dispose of it. *Id.* at § 3191(c). "If the inmate makes no selection or has insufficient funds, staff shall document that fact and determine the method of disposition." *Id.*

Simpson's complaint concerns a prison official's disposal of some of his personal property without affording him an opportunity to choose how to dispose of it. Simpson alleges that, on March 20, 2010, correctional officer Martinez searched Simpson's locker and confiscated a photo album containing 59 photos of nude women. Correctional officer Martinez allegedly then disposed of the photos without allowing Simpson an opportunity to choose how to dispose of them. Simpson alleges that he filed an inmate appeal and was interviewed by correctional sergeant Warfield on April 14, 2010, who then denied Simpson's inmate appeal at the first level. Complaint, p. 3 and Ex. A (Docket # 1, p. 19 of 30).

According to the exhibits attached to the complaint, Simpson eventually received some relief in the administrative appeal process. His inmate appeal was partially granted at the director's level review. *See* Complaint, Ex. A (Docket # 1, pp. 11-12 of 30). The appeal examiner at the director's level wrote that the nude photos were appropriately confiscated because they met the criteria for obscene materials considered contraband under the regulations, but that Simpson had been denied his right under the regulations to choose the method of disposition of the confiscated photos. Complaint, Ex. A (Docket # 1, p. 12 of 30). The appeal examiner calculated the value of the photos as nine cents per photo (i.e., the cost of reproduction of prints at a photo center) and ordered the prison to provide the inmate an item of equal or greater value to the prints, or to reimburse him $5.31 (i.e., $.09 x 59 photos), as well as to train staff regarding disposition of inmate property.

Simpson is dissatisfied with the relief offered him in the administrative appeal process. He alleges that there is "a true controversy, involving the appropriate amount owed concerning the photo pictures of nude women." Complaint attachment, p. 2 (Docket # 1, p. 6 of 30). He further alleges that the offered amount of reimbursement of nine cents per photo was "unreasonable based on the sentimental factors associated with the history of the nude pictures which were pictures of women friends of the plaintiff sentimental value attaches." Complaint attachment, p. 3 (Docket # 1, p. 7 of 30) (errors in source).

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. As it is not entirely clear that it would be impossible for him to amend to state a claim, the complaint will be dismissed with leave to amend. First, even with liberal construction, the complaint does not appear to challenge the confiscation of the photos of nude women and instead challenges the compensation for those photos that were wrongly destroyed. If Simpson wishes to assert a First Amendment challenge to the confiscation of the photos, he must clearly set out such a claim in his amended complaint. He is cautioned, however, that such a claim is not likely to succeed because confiscation of sexually explicit materials and photos showing frontal nudity pursuant to similar regulations and policies have been upheld against First Amendment challenges in *Mauro v. Arpaio*, 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc) (upholding Arizona prison policy banning possession of sexually explicit material against First Amendment challenge), and *Bahrampour v. Lampert*, 356 F.3d 969, 976 (9th Cir. 2004) (upholding as constitutional Oregon regulations and prison officials' refusal to deliver sexually explicit materials to prisoner). Leave to amend will be granted so that Simpson may attempt to allege facts showing that the confiscation of the photos violated his First Amendment rights.

     Second, Simpson's claim that prison officials wrongly destroyed his nude photos is not actionable under § 1983.  Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  The complaint and attachment allege that correctional officer Martinez wrongly destroyed Simpson's photos after confiscating them.  Although the confiscation was pursuant to a regulation, the destruction of the photos was contrary to a regulation, according to the exhibits.  The gist of the complaint is that photos should not have been destroyed and that Simpson received an inadequate offer of compensation for the destroyed photos.  The allegations and exhibits show a random and unauthorized deprivation of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right.  That claim should be asserted, if at all, as a state law claim in state court.

     Third, the complaint does not state a claim upon which relief may be granted against defendant correctional sergeant Warfield, who allegedly denied Simpson's inmate appeal.  The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation.  There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison.  California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.  The regulations simply require the

establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.8, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* at § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.  *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).  Simpson had no federal constitutional right to a properly functioning appeal system.  Therefore, an incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process.

Simpson's allegation that Warfield denied him his First Amendment right to file an administrative appeal also does not appear to state a claim upon which relief may be granted under § 1983.  The complaint and attachments suggest that Simpson means that Warfield violated Simpson's First Amendment rights when he denied Simpson's inmate appeal.  Although a prisoner has a First Amendment right to petition the government, that right does not encompass a right to have a government official agree with that prisoner's position.  Here, Simpson's allegations plainly show that an inmate appeal *was* filed, that Warfield denied it at the first level, and that the inmate appeal proceeded on to receive further consideration at the director's level.  Warfield may have denied the inmate appeal, but that is not the same as denying the right to file an inmate appeal.  If Simpson wants to amend this First Amendment claim, he must allege facts showing that, notwithstanding the exhibits and allegations that show an inmate appeal proceeded, Warfield prevented Simpson from filing an inmate appeal.

Finally, as to his complaint about the reimbursement amount for the destroyed photos, this goes to the level of damages, if any.  Simpson does not assert an independent constitutional claim.

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted.  Leave to amend will be granted so that plaintiff may attempt to state a claim.  The amended complaint must be filed no

later than **July 22, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: June 15, 2011

_____
EDWARD M. CHEN
United States District Judge