United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAUNCEY RENEE SIMPSON,

          Plaintiff,

     v.

I. MARTINEZ, correctional officer,
*et al.*,

          Defendants.

_____/

No.-C-11-2642 EMC (pr)

**ORDER OF SERVICE**

**INTRODUCTION**

      Chauncey Renee Simpson, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  The Court dismissed the complaint with leave to amend.  Simpson then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

      Simpson's original complaint concerned correctional officer Martinez's disposal of some photos of nude women after the photos were confiscated during a cell search by correctional officer Martinez.  Simpson's complaint and exhibits thereto showed that he had filed an inmate appeal on the matter; the inmate appeal was denied by sergeant Warfield but later granted in part at the director's level decision.  The director's level decision determined that the photos properly were confiscated as contraband, but that Simpson had been denied his right under the regulations to choose the method of disposition of the confiscated photos.  Complaint, Ex. A (Docket # 1, p. 12 of 30).  The appeal examiner calculated the value of the photos as nine cents per photo (i.e., the cost of

1  reproduction of prints at a photo center) and ordered the prison to provide the inmate an item of

2  equal or greater value to the prints, or to reimburse him $5.31 (*i.e.*, $.09 x 59 photos), as well as to

3  train staff regarding disposition of inmate property.  In his complaint, Simpson expressed

4  dissatisfaction with the relief offered him in the administrative appeal process.

5  The Court conducted an initial review of the complaint.  The Court determined that the

6  complaint did not appear to challenge the confiscation of the photos of nude women and instead

7  challenged the compensation for those photos that allegedly were wrongly destroyed.  Order of

8  Dismissal With Leave To Amend, p. 3.  Leave to amend was granted "so that Simpson may attempt

9  to allege facts showing that the confiscation of the photos violated his First Amendment rights." *Id.*

10  The Court also determined that the claim for wrongful destruction of the nude photos was not

11  actionable under 42 U.S.C. § 1983 because the allegations of the complaint and exhibits showed a

12  random and unauthorized deprivation of personal property.  *See* Order of Dismissal With Leave To

13  Amend, pp. 4-5.  The Court further determined that the complaint did not state a claim for the

14  allegedly improper denial of the inmate appeal by correctional sergeant Warfield.  *See id.* at 5-6.

15  Simpson then filed an amended complaint in which he repeats the same basic allegations that

16  were in the original complaint and added an allegation of retaliatory motive for one defendant's

17  actions.  Simpson alleged that the search of his cell on March 20, 2010, was done by correctional

18  officer Martinez "on the orders of correctional Sgt. J. S. Warfield who had ordered the search, which

19  in itself was an act of retaliation based on Simpson filing administrative grievance(s) against Sgt.

20  Warfield. "  Amended Complaint, p. 3.  Elsewhere in the amended complaint, Simpson alleged that

21  Warfield had ordered the search "based on Simpson filing a number of prison grievances against

22  other staff members, Prison Industry Authority (PIA) and continuous harassment for filing prison

23  grievances." *Id.* at 5 (error in source).  Simpson "does not challenge the confiscation of the nude

24  photos." *Id.* at 4.

## DISCUSSION

26  A federal court must engage in a preliminary screening of any case in which a prisoner seeks

27  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

28  1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

**United States District Court**

For the Northern District of California

1  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

2  monetary relief from a defendant who is immune from such relief. *See id.* at §1915A(b). *Pro se*

3  pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

4  (9th Cir. 1990).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

6  secured by the Constitution or laws of the United States was violated and (2) that the violation was

7  committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

8  (1988).

9        Simpson alleged in his amended complaint that Warfield ordered Simpson's cell searched in

10  retaliation for his inmate-grievance filing activity. "Within the prison context, a viable claim of First

11  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

12  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

13  action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

14  reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

15  Cir. 2005) (footnote omitted). Liberally construed, the allegations of the amended complaint state a

16  cognizable § 1983 claim against Defendant Warfield for retaliation. The allegations do not state a

17  claim against Defendant Martinez for retaliation.

18        The due process and First Amendment claims are dismissed for the reasons stated in the

19  Order Of Dismissal With Leave To Amend.

20                        **CONCLUSION**

21        1.      The amended complaint states a cognizable § 1983 claim against correctional

22  sergeant J. S. Warfield for retaliation. All other claims and Defendants are dismissed.

23        2.      The Clerk shall issue a summons and the United States Marshal shall serve, without

24  prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents

25  in the case file upon correctional sergeant J. S. Warfield, who apparently is employed at the

26  Correctional Training Facility in Soledad.

27        3.      In order to expedite the resolution of this case, the following briefing schedule for

28  dispositive motions is set:

**United States District Court**
For the Northern District of California

         a.       No later than **February 4, 2012**, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.

         b.       Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **March 4, 2012**.  Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action.  The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

         c.       If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **March 18, 2012**.

**United States District Court**
For the Northern District of California

1    4.    All communications by Plaintiff with the Court must be served on a Defendant's

2    counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard

3    any document which a party files but fails to send a copy of to his opponent.  Until a Defendant's

4    counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,

5    but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than

6    directly to that Defendant.

7    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

8    further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

9    before the parties may conduct discovery.

10    6.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

11    Court informed of any change of address and must comply with the Court's orders in a timely

12    fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

13    to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

14    pending case every time he is moved to a new facility.

15    7.    Plaintiff is cautioned that he must include the case name and case number for this

16    case on any document he submits to this Court for consideration in this case.

17    8.    Plaintiff's motion for an order compelling prison officials to process his *in forma*

18    *pauperis* application is DENIED as unnecessary.  (Docket # 6.)  The Court had already granted the

19    *in forma pauperis* application before Plaintiff filed this motion.

20

21    IT IS SO ORDERED.

22

23    Dated:  December 13, 2011

24

25    _____
     EDWARD M. CHEN

26    United States District Judge

27

28