UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY REENE SIMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>I. MARTINEZ, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2642 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 30)** |

## I. INTRODUCTION

Plaintiff alleges that Defendant J. Warfield, a correctional supervisor at Soledad State Prison and the remaining Defendant in this action, violated his First Amendment rights. Defendant moves for summary judgment. For the reasons stated herein, Defendant's motion for summary judgment is **GRANTED** as to all claims.

## II. BACKGROUND

Plaintiff's claims arise from a search of his cell by Correctional Officer I. Martinez on March 20, 2010, which resulted in the seizure and destruction of his property.[1] He alleges that the search was ordered by Defendant, who did not participate in, or observe, the search itself, in retaliation for Plaintiff's filing grievances against Defendant. Because it was retaliatory, the search, according to Plaintiff, was a violation of the First Amendment. Defendant disputes this, saying that he did not order the search, and in fact did not know that Martinez was going to search Plaintiff's cell.

---

[1] Photographs of nude women were seized as contraband and destroyed. Plaintiff refused prison authorities' offer of compensation ($5.31).

1  Therefore, according to Defendant, the search was not retaliatory.  Defendant avers that correctional
2  officers are required to conduct a minimum of three cell searches per shift.  Defendant also asserts
3  that Plaintiff's cell was one of the eight bed and locker areas searched by Martinez that day.

4  As discussed below, Plaintiff has not shown a triable issue of fact.  First, his opposition is
5  insufficient.  He says only that he "does not agree" with Defendant's factual assertions.  This does
6  not constitute evidence sufficient to create a triable issue of fact.[2]  "[S]elf-serving affidavits are
7  cognizable to establish a genuine issue of material fact so long as they state facts based on personal
8  knowledge and are not too conclusory."  *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir.
9  2001); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (in equal
10 protection case, conclusory statement of bias not sufficient to carry nomoving party's burden).
11 Simply stating that he "does not agree" is conclusory, and does not constitute evidence of personal
12 knowledge.  Second, even if Plaintiff's opposition constituted evidence, his claims fails as a matter
13 of law.  Among other reasons, Plaintiff nonsensically contends that Defendant ordered the search in
14 retaliation for a grievance filed *after* the search.

### III.  DISCUSSION

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable

---

[2] Plaintiff failed to file the opposition with the Court, though he did serve it on Defendant.  The Court has a copy only because Defendant filed it as an exhibit in a declaration.  (Docket No. 38, Ex. A.)

2

trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The Court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the Court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

B. Claim

The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). The right to file a grievance is subsumed under the First Amendment right to petition the government for redress of grievances, *Hines v. Gomez*, 853 F. Supp. 329, 333 (N.D. Cal. 1994), and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68 (footnote omitted). Plaintiff has the burden of showing that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's actions. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997). In order to create a genuine issue of material fact on retaliatory motive in the First Amendment context, a plaintiff must establish "'in

1  addition to evidence that the defendant knew of the protected speech, at least (1) evidence of
2  proximity in time between the protected speech and the allegedly retaliatory decision; (2) evidence
3  that the defendant expressed opposition to the speech; or (3) evidence that the defendant's proffered
4  reason for the adverse action was pretextual.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir.
5  2009) (internal citation and emphasis omitted).  Also, as to the fourth *Rhodes* element, viz., whether
6  the inmate was chilled from exercising his First Amendment rights, a prisoner-plaintiff must at least
7  allege that he suffered harm more than minimal.  *Id.*, 408 F.3d at 567–68 n.11.  That a prisoner's
8  First Amendment rights were chilled, though not necessarily silenced, is enough.  *Id.* at 569.  The
9  proper analysis is whether a person of ordinary firmness would be chilled or silenced from
10 exercising future First Amendment rights.  *Id.*

11    Retaliation is not established simply by showing adverse activity by defendant after
12 protected speech; rather, plaintiff must show a nexus between the two.  *See Huskey v. City of San*
13 *Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (summary judgment proper against plaintiff who could only
14 speculate that adverse employment decision was due to his negative comments about his supervisor
15 six or seven months earlier; retaliation claim cannot rest on the logical fallacy of *post hoc*, *ergo*
16 *propter hoc*, i.e., "after this, therefore because of this").  *See also Dietrich v. John Ascuaga's*
17 *Nugget*, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no
18 evidence that defendants gave her a traffic citation after reading a newspaper article about her First
19 Amendment activities, rather than because she drove past a police barricade with a "road closed"
20 sign on it).

21    Turning to the instant matter, Plaintiff has not met his burden of showing that retaliation was
22 the "substantial" or "motivating" factor behind Warfield's actions.  His bare factual assertion that
23 the search was motivated by such reason is no more than *post hoc*, *ergo propter hoc*, *i.e.*, "after this,
24 therefore because of this."  Put another way, Plaintiff asserts that because he filed grievances, the
25 search must have been retaliatory.  Yet, he puts forth no evidence showing a triable issue of fact of a
26 causal nexus.  For example, he gives no evidence of having personal knowledge, as opposed to
27 offering speculation, of such a motive (such as an overheard conversation or a comment by Warfield
28

4

1    or Martinez[3]), or that there was a proximity in time between his filing of grievances and the search.
2    Furthermore, his assertion that the search must have been retaliatory because it was conducted *after*
3    he filed a grievance is inconsistent with his own allegations. Plaintiff asserts that Warfield ordered
4    the *March 20, 2010* search which was *before* he had spoken to Plaintiff *on April 14, 2010* about a
5    grievance appeal. (Am. Compl. 3, 4.) Such a mismatch in time sequence defeats any attempt to
6    show a causal connection between any grievance and the search.[4]

7    Plaintiff also has not shown that the search chilled his exercise of his First Amendment free
8    speech rights. According to Plaintiff's allegations, the incident occurred but once, and Plaintiff has
9    nowhere alleged that the search was part of a pattern or practice by this or any other Defendant.
10   Though one's speech need only be chilled and not necessarily silenced, this single occurrence in this
11   factual context is insufficient to show that a person of ordinary firmness would be chilled from
12   exercising his First Amendment rights, especially considering that cell searches are a normal and
13   frequent part of inmate life.

14   Also, and this is of great significance, Plaintiff fails to show any evidence that Defendant
15   Warfield's proffered reason for the search — that it was conducted as part of Martinez's regular
16   assigned duties — is pretextual or that the search failed to advance a legitimate penological goal.
17   Defendants have presented evidence that cells are searched regularly because they are "essential to
18   the maintenance of institutional security." (MSJ at 5.) Such searches are authorized and mandated
19   by state law (*id.* at 6), and have been found to serve a legitimate penological purpose, *see Hudson v.*
20   *Palmer*, 468 U.S. 517, 529 (1984). Defendants have presented evidence that Martinez searched
21   eight cells that day, including Plaintiff's. It is also undisputed that contraband was found in
22   Plaintiff's cell. Plaintiff does not specifically dispute these facts, or offer evidence in rebuttal, but

---

[3] Plaintiff asserts that he "had word's [*sic*]" with Warfield and Martinez prior to the search. (Mot. for Extension of Time, D'Agostino Decl., Ex. A at 1.) This is insufficient to show a causal nexus between the grievance and the search. First, this assertion is insufficiently detailed. Plaintiff does not say what words were exchanged, how long the argument was, etc. Second, plaintiff's central assertion is that his *grievance* led to the search, not having words with defendant.

[4] Plaintiff also avers that prior grievances led to the search. (Mot. for Extension of Time, D'Agostino Decl., Ex. A at 1.) However, he fails provide any details regarding these other grievances and therefore has shown no connection between his filing of these prior grievances and the search.

5

asserts instead that he "does not agree" with them. As stated above, such assertions do not establish that there is a triable issue of fact.

From such a record, no reasonable inference can be drawn that the search was retaliatory. It was one of many cells searched that day, pursuant to a clear, legitimate policy. Defendant, then, is entitled to judgment as a matter of law. Accordingly, Defendant's motion for summary judgment is GRANTED as to all claims.

### IV.   CONCLUSION

Defendant's motion for summary judgment (Docket No. 30) is **GRANTED** as to all claims against defendant Warfield. The Clerk shall enter judgment in favor of Defendant Warfield as to all claims, terminate Docket No. 30, and close the file.

IT IS SO ORDERED.

Dated: March 18, 2013

_____
EDWARD M. CHEN
United States District Judge